

Gaston Kroub, Esq.
Zachary Silbersher, Esq.
Sergey Kolmykov, Esq.

305 Broadway, 7th Fl.
New York, NY 10007
917.702.9135
www.kskiplaw.com
gkroub@kskiplaw.com

**KROUB, SILBERSHER & KOLMYKOV PLLC**

**VIA ECF**                                                                 May 26, 2022

Honorable J. Paul Oetken
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:     *Vida Sense Innovation Ltd. v. HKC Corporation Limited et. al*
        Civil Action No. 20-cv-10825 (JPO)

Dear Judge Oetken:

        We write in response to HKC's letter requesting a pre-motion conference on a proposed motion to stay the case pending resolution of HKC IPR's before the Patent Trial and Appeal Board ("PTAB"). (Dkt. 55). As HKC's letter notes, Vida Sense would agree to a stay pending resolution of the IPRs, but the parties dispute when the proper time for a stay would be. As an initial matter, this case is stayed right now, pending the Court's decision on HKC's motions to transfer and to dismiss the asserted '530 Patent on patent eligibility grounds (the "Pending Motions".) Vida Sense submits that the proper time to consider a further stay is when the Pending Motions have been ruled on by the Court.

Consideration of a newly-filed stay motion, while leaving the pending motions undecided, would be prejudicial to Vida Sense and reward HKC for delaying any progress in this action on the merits. The latter is particularly true where HKC has challenged the Court's jurisdiction over this matter, which does not square with a new request that the Court exercise jurisdiction and grant a stay. Indeed, Vida Sense asked HKC if it would withdraw the Pending Motions and agree to a stay immediately thereafter. HKC refused.

Put simply, Vida Sense does not contest that a stay could simplify the issues in the case, no matter how the PTAB disposes of the IPRs. Nor does Vida Sense contest that this case remains in its earliest stages, in no small measure due to HKC's pending motions.  The docket speaks for itself about the case's current posture. Where Vida Sense differs from HKC is on whether a stay would be prejudicial. Vida Sense believes entry of a stay before the decision on the Pending Motions would be. Yes, it is true that this case would only proceed post-IPR if Vida Sense were successful in defending at least one claim from at least one of the asserted patents in the IPRs.  Vida Sense's odds of doing so are favorable, however,  at least according to reported statistics that show less than 20% of IPRs filed

between 2019-2021 resulted in cancellation of all claims in the challenged patents.[1] If Vida Sense avoids a complete wipeout of all claims in both patents in the IPRs, it would be prejudicial for Vida Sense to then face additional uncertainty – both in terms of time delay and the ultimate result – while waiting for the Court's decision on the Pending Motions before the case could finally move forward. Moreover, if the motion on the '530 Patent were decided against Vida Sense only post-IPR survival of that patent, the entire IPR process with respect to that patent may have been a waste of time and resources.

In contrast, waiting to have a stay motion decided until the Court decides the Pending Motions benefits all sides. For one, if the Court agrees that this case should stay in New York, any questions about the Court's jurisdiction over a stay would necessarily have been answered. Likewise, if the Court transfers the case to California, then it would be the job of the transferee judge in California to take jurisdiction over the case and enter a stay. Similarly, resolution of the eligibility question raised by HKC on the '530 Patent could also streamline the case, or perhaps even obviate the need to prosecute the '530 IPR any further. On all fronts, everyone benefits from the Court deciding the Pending Motions, with no prejudice to anyone from giving the Court the time it needs to answer the questions that HKC asked in the Pending Motions.

Ultimately, because discovery has not yet opened in this case -- and won't open until after the Pending Motions are decided anyway -- there is no real benefit to anyone to have a stay entered at this point versus waiting for the Court's decision on the Pending Motions. At the same time, however, Vida Sense believes that this matter is ripe for immediate referral to mediation before a Magistrate Judge. While there may be some logistical matters to work out in order to let client representatives on both sides attend the mediation virtually, Vida Sense believes that a skilled mediator could be very helpful at this point in terms of getting the parties to a resolution. To the extent the Court is inclined to hold a pre-motion conference on HKC's request for a stay, Vida Sense respectfully submits that a discussion of referral to mediation is also warranted at this time.

We thank the Court for its attention and courtesy, and we are at the Court's convenience if there should be any questions.

Respectfully submitted,

/s/ Gaston Kroub
Gaston Kroub
KROUB SILBERSHER & KOLMYKOV PLLC

*Attorneys for Plaintiff, Vida Sense Innovation, Ltd.*

---

[1] As reported in Lex Machina's 2022 Patent Litigation Report at pg. 23, available for download at www.lexmachina.com (registration required.)